# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREEM J. HOWELL,

    Plaintiff,

    v.

LINDQUIST, et al.,

    Defendants.

No. 2:19-CV-0612-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges violations of his First Amendment rights.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) T. Lindquist, a legal librarian; (2) D. Anderson, a correctional sergeant; and (3) C. Hampton, a correctional lieutenant.  The allegations outlined in the complaint may be summarized as follows:

Plaintiff submitted a request to attend the prison law library in preparation for an upcoming trial, but Defendant Lindquist denied his request.  ECF No. 1, p. 7.  Defendant Anderson later approached Plaintiff about a civil complaint Plaintiff filed against him.  See id. at 6.  Defendant Anderson indicated Defendant Lindquist informed him of the complaint and the two had joined together to prevent Plaintiff's access to the library.  Defendant Anderson also refused to give Plaintiff an inmate grievance form and placed a sign on his cell restricting others from doing so as well.  See id.  Plaintiff asked Defendant Anderson's supervisor, Defendant Hampton, to intervene, but he refused.  See id. at 8.  Defendant Hampton had Plaintiff's cell searched and stated it was in response to Plaintiff's civil complaints and grievances.  See id.

## II. DISCUSSION

Plaintiff alleges the following First Amendment claims: (1) Defendants violated his right to access the courts by rendering the grievance process unavailable and denying him access to the law library; and (2) Defendants retaliating against his right to file grievances.  As to these claims, the court finds Plaintiff only states a cognizable claim against Defendants Anderson and Hampton for denying his access to the grievance process.  As to Plaintiff's retaliation claim, the court finds Plaintiff states a valid claim against all Defendants.

### A. <u>Access to the Courts Claims</u>

Prisoners have a First Amendment right of access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977); <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. <u>See id.</u> Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds</u>, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. <u>See</u> <u>Lewis</u>, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. <u>See id.</u> at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. <u>See id.</u> at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. <u>See id.</u> at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. <u>See id.</u>; <u>see also</u> <u>Phillips v. Hust</u>, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. <u>Lewis</u>, 518 U.S. at 362.

The court identifies two ways in which Plaintiff alleges Defendants limited his access to the courts. First, Defendants limited his access to the law library. Second, Defendants limited Plaintiff's ability to file grievances. The court finds Plaintiff only states a cognizable claim as to his allegation that Defendants Anderson and Hampton limited his ability to file grievances.

/ / /

/ / /

3

### 1. Prison Library

Plaintiff fails to state a cognizable claim against any Defendant for denying his library request and interfering with his access to the courts. The complaint does not demonstrate Plaintiff's use of the library is related to a criminal appeal, habeus corpus, or a § 1983 suit. Instead, Plaintiff requested to use the library regarding "pending criminal charges" against him. ECF No. 1, p. 5. Therefore, Defendants' actions did not affect Plaintiff's ability to present a claim to the courts. Even if Plaintiff could show an adequate need to access the library, he has not met the actual injury requirement for his claim because Plaintiff has alleged no prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.

### 2. Right to File Grievances

The right to meaningful access to the courts extends to established prison grievance procedures. Prisoners have a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Plaintiff's allegations sufficiently establish Defendant Anderson's actions denied Plaintiff access to the prison grievance procedures. Defendant Anderson not only personally refused to give Plaintiff an appeal form, but he also prevented others from doing so. Turning to Defendant Hampton, Plaintiff alerted Defendant Hampton to Defendant Anderson's allegedly unconstitutional actions, but he refused to take action. Here, Plaintiff's claim is not simply based on Defendant Hampton's supervisory role but rather his failure to intervene against his subordinate's allegedly unconstitutional conduct. Therefore, the claim is cognizable against both Defendants Anderson and Hampton.

///
///
///
///

4

**B.   Retaliation Claims**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

///

5

1. Defendant Anderson

Plaintiff's claim against Defendant Anderson is sufficient for service. Regarding the first and second elements of a retaliation claim, Plaintiff adequately alleges Defendant Anderson denied Plaintiff's access to the law library and the internal appeals process in response to Plaintiff's civil complaint against him. These actions are considered adverse to Plaintiff's First Amendment right to file grievances and access to the courts. As to the third and fourth elements, the complaint also establishes Defendant's conduct chilled Plaintiff's protected conduct without serving a legitimate penological interest.

2. Defendant Lindquist

For similar reasons, the complaint sufficiently establishes a retaliation claim against Defendant Lindquist. Plaintiff alleges Defendant Lindquist alerted Defendant Anderson to his civil complaint and worked together with Defendant Anderson to prohibit Plaintiff's access to the library. Thus, Plaintiff demonstrates Defendant Lindquist retaliated in response to Plaintiff's filing of a civil complaint, a protected conduct. As alleged, this conduct chilled Plaintiff's exercise of protected conduct without serving a legitimate penological interest.

3. Defendant Hampton

Plaintiff's claim against Defendant Hampton is sufficient for service. As to the first required element of a retaliation claim, Plaintiff adequately alleges Defendant Hampton ordered a punitive cell search. This district has held, for example, that a cell search can support a retaliation claim. See Ahmed v. Ringler, 2015 WL 502855 (E.D. Cal. 2015) (holding that a cell search was an adverse action supporting a First Amendment retaliation claim). Defendant Hampton's statement satisfies the second element because it adequately establishes he ordered a punitive search on Plaintiff's cell in response to Plaintiff's staff complaints. As to the third and fourth element, this court finds the alleged adverse action is sufficient to demonstrate a chilling effect and did not serve a legitimate penological interest.

///
///
///

6

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 14, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE